UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority  ____
Send      ____
Enter     ____
Closed    ____
JS-5/JS-6 ____
Scan Only ____

| | |
|---|---|
| CASE NO.: CV 17-07483 SJO (SS) | DATE: January 25, 2018 |

TITLE: Irene Miranda et al v. Magic Mountain LLC

========================================================================
PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Victor Paul Cruz | Not Present |
| Courtroom Clerk | Court Reporter |

| | |
|---|---|
| **COUNSEL PRESENT FOR PLAINTIFF:** | **COUNSEL PRESENT FOR DEFENDANT:** |
| Not Present | Not Present |

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** [Docket No. 12]; **DENYING DEFENDANT'S MOTION TO DISMISS CASE** [Docket No. 17]

These matters are before the Court on (1) Plaintiffs Irene Miranda, Elizabeth Alvarado, Elvin Alvarado, and Jose Raul Turcios' (collectively, "Plaintiffs") Motion to Remand Action to State Court ("Remand Motion"), filed November 3, 2017; and (2) Defendant Magic Mountain LLC's Motion to Dismiss Case ("Dismissal Motion"), filed December 20, 2017. Defendant opposed the Remand Motion ("Remand Opposition") and Plaintiffs opposed the Dismissal Motion ("Dismissal Opposition") on January 8, 2018. Defendant replied ("Dismissal Reply") on January 12, 2018 and Plaintiffs replied ("Remand Reply") on January 16, 2018. The Court found these matters suitable for disposition without oral argument and vacated the hearings set for January 29, 2018. *See* Fed. R. Civ. P. 78(b). For the reasons stated below, the Court **GRANTS** Plaintiffs' Remand Motion and **DENIES** Defendant's Dismissal Motion.

I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed this putative class action in the Superior Court for the County of Los Angeles on September 11, 2017, alleging that Defendant violated the Fair and Accurate Credit Transactions Act ("FACTA") by printing more than the last five digits of Plaintiffs' credit or debit card numbers on its electronically printed receipts. (*See* Notice of Removal, Ex. B ("Compl."), ECF No. 1-1.) Defendant removed the action to this Court on October 12, 2017. (Notice of Removal, ECF No. 1.) Plaintiffs allege the following.

Defendant is a corporation that owns and operates one or more theme parks in California. (Compl. ¶ 11.) Plaintiffs are individuals who visited at least one of Defendant's theme parks, made purchases at that theme park using a debit or credit card, and received electronically printed receipts for those purchases. (Compl. ¶¶ 13, 30.) The printed text on each receipt contained more than the last five digits of Plaintiffs' credit or debit card numbers. (Compl. ¶ 31.) Defendant knew or should have known that this printed text violated FACTA, because: (1) Defendant has had twelve years to become compliant with FACTA; (2) companies such as VISA and MasterCard "required Defendant (and informed Defendants of the FACTA requirements) to prevent the printing

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

CASE NO.:  <u>CV 17-07483 SJO (SS)</u>          DATE:  <u>January 25, 2018</u>

[of] more than the last five digits of credit and/or debit card numbers on receipts"; and (3) Defendant was "repeatedly informed about FACTA."  (Compl. ¶¶ 32-35.) As such, Defendant's violation of FACTA was "willful."  (Compl. ¶¶ 32-35.)

Plaintiffs bring this putative class action on behalf of "all persons in the United States" to whom Defendant provided such receipts on or after September 11, 2012.  (Compl. ¶ 15.)  This action is also currently the subject of a motion to transfer pursuant to Judicial Panel on Multidistrict Litigation Rule 6.2(a) ("JPML Transfer Motion"), which seeks coordinated and consolidated pretrial proceedings with two other cases in the Northern District of Illinois and the Northern District of Georgia.  (*See* Notice of JPML Transfer Motion, ECF No. 15.)  In the JPML Transfer Motion, Defendant requests that the cases be consolidated and transferred to the Northern District of Illinois.  (Notice of JPML Transfer Motion 3.)

II.     DISCUSSION

Plaintiffs move to remand the action under 28 U.S.C.A. § 1447 (the "Removal Statute) for lack of Article III standing.  (*See generally* Remand Mot., ECF No. 12.)  Defendant responds that remand is both inappropriate and futile, as: (1) the Court should defer action pending resolution of the JPML Transfer Motion; (2) a state court would simply dismiss the action on remand; and (3) remand would be contrary to congressional intent and public policy.  (*See generally* Remand Opp'n, ECF No. 21.)

   A.   <u>Legal Standard</u>

      1.   <u>Article III Standing</u>

The doctrine of standing was developed to address the constitutional limitation on federal courts to adjudicate only "Cases" and "Controversies."  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).  Pursuant to this doctrine, a plaintiff litigating an action in federal court must demonstrate that: (1) they have suffered an "injury in fact," *i.e.*, the invasion of a legally protected interest which is both (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a "causal connection" exists, *i.e.*, that their injury is "fairly traceable" to the defendant's challenged conduct; and (3) their injury will likely be redressed by a favorable decision.  *Id.*; *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000).  If the plaintiff cannot meet the standing requirements, federal courts lack subject matter jurisdiction over the action.  *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

      2.   <u>Removal under 28 U.S.C.A. § 1447(c)</u>

In an ordinary removal case, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case **shall** be remanded." 28 U.S.C.A. § 1447(c) (emphasis added).  The district court "**must** remand the case to state court, rather than dismiss it." *Polo v.*

*Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) (emphasis in original).  "Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the federal courts have no power to adjudicate the matter." *Id.* This is so even if remand is based on a failure to meet standing requirements, as state courts "are not bound by the constraints of Article III." *Id.* (citing *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989)).

      3.      <u>Stay Pending Determination of the JPML Transfer Motion</u>

The Judicial Panel on Multidistrict Litigation ("MDL") was created to coordinate and consolidate pretrial proceedings in multiple district courts, for the purpose of enhancing the "convenience of parties and witnesses" and promoting "the just and efficient conduct of such actions." 28 U.S.C.A. § 1407.  Whether or not to grant a stay pending review of an MDL motion "is within the court's discretion and appropriate when it serves the interests of judicial economy and efficiency." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (citations omitted); *see also Landis v. North American Co.*, 299 U.S. 248, 254 (1936) (holding that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket within economy of time and effort for itself, for counsel, and for litigants").  Courts considering whether or not to grant a stay may consider: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Carpenter v. Am. Med. Sys., Inc.*, No. CV 13-6022 JGB (SPX), 2013 WL 12155165, at *1 (C.D. Cal. Oct. 3, 2013).

    B.    <u>Analysis</u>

      1.      <u>Remand is Both Appropriate and Required</u>

The crux of this dispute is not whether Plaintiffs lack standing to bring their claims in federal court– both parties readily admit that they do not– but whether, in this instance, remand would be appropriate.  Defendant argues that remand "would undercut the federal courts' core function of intepreting federal law, undermine a defendant's right to be in federal court, and disregard the very purpose of Multidistrict Litigation . . . which is to supply consistency in rulings and schedules, reduce litigation costs, and conserve the time and effort of the parties and courts." (Remand Opp'n 9.)  Defendant further posits that "it would hardly make sense to say that Congress cannot statutorily grant a right to sue in federal court where there is no injury, but a state court, interpreting the same federal law, can resolve the same FACTA dispute differently." (Remand Opp'n 10.)

While it may strike some as nonsensical that a state court has jurisdiction to adjudicate a federal claim when a federal court does not, this is in fact a notable quirk of the United States federalist system.  "The general principle of state-court jurisdiction over cases arising under federal laws is

straightforward: state courts may assume subject-matter jurisdiction over a federal cause of action absent provision by Congress to the contrary or disabling incompatibility between the federal claim and state-court adjudication." *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 477–78 (1981). State courts, as noted in *Polo*, are not bound by Article III standing requirements.  833 F.3d at 1196.  So long as there is no disabling incompatibility or express intent by Congress to the contrary, neither of which is alleged here, a state court may adjudicate a claim that could not have been brought in federal court due to lack of standing.  *See id.*  This is supported by the fact that standing is viewed as an indicator of a court's subject matter jurisdiction, and not the viability of the claims themselves. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ("Because standing and mootness both pertain to a federal court's subject-matter jurisdiction under Article III, they are properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)").

Both the Removal Statute and Ninth Circuit precedent make it clear that, absent certain inapplicable exceptions, cases removed from state court **must** be remanded upon a finding that the federal court lacks subject matter jurisdiction.  28 U.S.C.A. § 1447(c); *Polo*, 833 F.3d at 1196.  Here, there is no argument that subject matter jurisdiction is proper in federal court.  (*See* Remand Mot. 1 ["Plaintiffs concede that they lack the requisite Article III standing to proceed in federal court"]; Dismissal Mot. 19 [Defendant "is not taking the position that Plaintiffs have been injured and can thus proceed in this Court"].)  Accordingly, the Court is without discretion in determining whether remand is appropriate and must remand the action to Los Angeles Superior Court.

Defendant argues that instead of ruling on the Remand Motion, the Court should stay proceedings until resolution of the JPML Motion in order to preserve judicial resources.  Both Plaintiffs and Defendant cite to a number of district court opinions in which the court chooses whether or not to defer ruling on a motion to remand pending an MDL transfer determination, typically balancing matters of judicial economy with the court's prerogative to determine jurisdiction before adjudicative action is taken.  *Compare Carpenter v. Am. Med. Sys., Inc.*, No. CV 13-6022 JGB (SPX), 2013 WL 12155165, at *2 (C.D. Cal. Oct. 3, 2013) (finding stay appropriate where removal was premised on Defendants' allegations of fraudulent joinder);  *In re Diet Drug Litig.*, No. CV119507CASJEMX, 2012 WL 13012665, at *1 (C.D. Cal. Jan. 11, 2012) (finding stay appropriate where Plaintiff's motion to remand necessitated a finding that one of the Defendants was not a "sham defendant"); *Sanchez v. DePuy Orthopaedics Inc.*, No. 2:11-CV-07867-JHN, 2011 WL 7092289, at *2 (C.D. Cal. Nov. 21, 2011) (finding stay appropriate  where removal was based on a theory of fraudulent joinder); *with Dent v. Lopez*, No. 1:14-CV-00442-LJO-SM, 2014 WL 3057456, at *6 (E.D. Cal. July 7, 2014) (finding stay inappropriate where jurisdiction "requires no arduous inquiry"); *Mullin v. Gen. Motors LLC*, No. CV157668DMGRAOX, 2016 WL 94235, at *2 (C.D. Cal. Jan. 7, 2016) (finding that the Court must address jurisdictional issues before ruling on whether stay is appropriate).

Unlike the cases cited by Defendant, there is no question or dispute over whether the Court has subject matter jurisdiction over the instant action.  Waiting until all of the actions are consolidated

into a single district would therefore only delay proceedings and waste judicial resources, not conserve them.  The Court finds no compelling reason to clutter another court's docket with an action both parties admit does not belong there, and thus declines the opportunity to sidestep its historical obligation to expeditiously rule on matters of subject matter jurisdiction.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 576 (1999) ("In most instances, subject-matter jurisdiction will involve no arduous inquiry, and both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first.")

      2.    <u>Remand is not Futile</u>

Defendant finally argues that remand is inappropriate under the *Bell* rule, which provides that a district court may dismiss a removed case without remanding it back to state court where there is "absolute certainty that remand would be futile."  *Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991).  As the parties both point out, the Ninth Circuit has indicated that the *Bell* rule "may no longer be good law."  *Polo*, 833 F.3d at 1197.  Whether or not *Bell* is good law, however, remand would not be futile, and therefore dismissal is inappropriate.

Defendant's primary argument for dismissal is that Plaintiffs' Complaint fails to meet the pleading standards of Federal Rule of Civil Procedure ("Rule") 12(b)(6).  Under Rule 12(b)(6), an action may be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). Dismissal is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).  The complaint must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The plain language of the statute that Defendant allegedly violates provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction."  15 U.S.C.A. § 1681(c).  Further, "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer" for actual, statutory, and/or punitive damages.  15 U.S.C.A. § 1681(n). Defendant admits that "it printed some receipts that included the first six digits of payment card account numbers," but argues that it cannot be liable for a FACTA violation because the first six digits do not contain personal identifying information.  (Dismissal Mot. 15.)  In support of this, Defendant cites to three district court decisions which held that the addition of credit card numbers that do not contain personally identifying information does not violate FACTA because Congressional intent in passing the statute was to prevent this type of harm. (Dismissal Mot. 13-14 [citing *Noble v. Nevada Checker CAB Corp.*, No. 215CV02322RCJVCF, 2016 WL 4432685, at *4 (D. Nev. Aug. 19, 2016); *In re Toys "R" Us - Delaware, Inc. - Fair & Accurate Credit Transactions Act (FACTA) Litig.*, No. CV 06-08163 MMM FMOX, 2010 WL 5071073, at *11-*12

(C.D. Cal. Aug. 17, 2010); *Broderick v. 119TCbay, LLC*, 670 F. Supp. 2d 612, 617 (W.D. Mich. 2009)].)

While potentially persuasive, district court decisions do not constitute controlling authority, and it is undeniable that the Defendant's conduct violated FACTA's plain language prohibiting the printing of more than the last five digits of the card number.  This, alone, is sufficient to create a "cognizable legal theory" that would entitle Plaintiffs to relief. *See Balistreri*, 901 F.2d at 699. That is all that Plaintiffs require at this stage.

Defendant also argues that Plaintiffs have not pled sufficient facts to demonstrate that Defendant's conduct was "willful."  (Dismissal Mot. 15-18.)  Willful violation as a statutory condition of civil liability occurs when a defendant knowingly violates the statute's provisions or recklessly disregards them. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007).  Defendant argues that Plaintiffs' assertions that it had "twelve years" to comply with FACTA's requirements and was "repeatedly informed" of FACTA's requirements by companies like Visa and MasterCard are insufficient as a matter of law to allege willfulness.  (Dismissal Mot. 15-18.)

Without ruling on the general merits of Defendant's argument, the Court notes that dismissal is only appropriate where it "is absolutely certain that remand would be futile." *Bell*, 922 F.2d at 425. In the ordinary course of a federal action, Plaintiffs would be granted leave to amend any factual deficiencies identified in the Complaint unless these deficiencies are considered to be incurable. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).  Likewise, under California law, "[l]iberality in permitting amendment is the rule, not only where a complaint is defective as to form but also where it is deficient in substance, if a fair prior opportunity to correct the substantive defect has not been given." *McDonald v. Superior Court*, 180 Cal. App. 3d 297, 304 (Ct. App. 1986).  Plaintiffs have not yet been given any opportunity to amend the pleadings, and Defendant has not demonstrated that the factual allegations of willfulness are so deficient as to be "incurable" by amendment.  As such, the Court could not hold with absolute certainty, even if Defendant proved the merits of its Rule 12(b)(6) argument, that remand would be "futile."

IV.     RULING

Fore the foregoing reasons, the Court **GRANTS** Plaintiffs Irene Miranda, Elizabeth Alvarado, Elvin Alvarado, and Jose Raul Turcios' Motion to Remand Action to State Court and **DENIES** Defendant Magic Mountain LLC's Motion to Dismiss Case.

IT IS SO ORDERED.